O’Neall, J.
delivered the opinion of the Court.
As the motion for non-suit must, in the opinion of this Court, prevail, the ground taken in that behalf will alone be considered.
In the case of Carter v. Bennett, it was held that an entry by an auctioneer, (or more properly speaking, by a vendue master,) in his book, under the 6th section of the Act of 1785, is sufficient to charge a purchaser, and that such contract, thus evidenced, is a compliance with the Statute of Frauds and Perjuries. The Act of ’39 concerning the office, duties and liabilities of sheriffs, proceeding upon the idea which had been suggested by the Vendue Master’s Act of ’85, provides in the 4th paragraph of the 6th section, for the keeping of a sale book by the sheriff, in which are to be “ transcribed all levies (“ specifying the property, and date of each levy,”) “ and all advertisements of property levied on,” “ and the parts of the said book, in which accounts of sales shall be kept, shall be divided in separate and suitable columns, in which the sheriff shall enter the names of the parties, a description of the property sold, when, sold, to whom sold, amount of sale,” <fcc.
The case of Cristie v. Simpson held such an entry, although not made at the moment of sale, a compliance with the Statute of Frauds. In it the observation is made by my brother Wardlaw, “ the office book is the evidence required by lawand generally, I think, it may be said, that without an entry, in such book, a purchaser could not be charged; and so too, without it, the sale could not be enforced against the rights of the creditors or debtor. -It may be, however, that as against the sheriff alone, the sale on his clear and unequivocal admission, in writing, of everything required by the law to be noticed, in the sale book, would be enforced. *234 In this case, however, the sheriff stands for the creditors; he re-sold, and applied the proceeds to their debts. The action, here, is to take from them, through him, this fund. So far as they are concerned, they can demand the entry in the sale book, and on the non-production of it, the claim to enforce the contract is at an end.
The admission, signed by the defendant, cannot, however, charge him. For it does not set out the levy, advertisement, nor certainly the character of the estate, sold by the sheriff; indeed, from the terms used, it would seem that he meant to say, in this paper, “1 sold only the life estate, in the negroes, and as you claim more, I will not comply with the sale, as you understand it.” It is true, that if the paper had merely contained the admission of the sale of the negroes, at sheriff’s sale, and nothing had been said about the ground on which he refused to comply, that then the legal implication would have been, that the absolute estate had been sold.— But it is our duty to read the whole paper, and give it construction in all its parts. Thus reading it, in connection with the evidence of what actually took place, at the sheriff’s sale, there is no difficulty in understanding that the defendant meant to say in it, “ I sold only the life estate of Loper, you claim the absolute estate, and therefore I will not comply.” It is, therefore, not such a clear and explicit admission, as will stand in place of the entry required by the Act of ’39.
There can be no doubt, that if the sheriff refuses or neglects to make the proper entry, in his. sale book, of a sale made by him, and thereby the purchaser sustains injury, that m such case, he would be liable, in an action on the case, for the damages. But he cannot be made liable, on the contract of sale, without the proper entry, or an equivalent admission in writing.
The defendant’s motion for a non-suit is granted.
Evans, J. — Frost, J. — and Withers, J. — concurred.